Filed 3/22/21  P. v. Claiborne CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARRIN MARCUS CLAIBORNE,<br><br>    Defendant and Appellant. | B301829<br><br>(Los Angeles County<br>Super. Ct. No. YA097358) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Darrin Marcus Claiborne appeals from a judgment entered after a jury convicted him of burglary.  No arguable issues have been identified by Claiborne's appointed counsel following his review of the record or by our own independent review of the record.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2017 Claiborne removed a window screen and entered a house displaying a for sale sign by the absentee owner.  Claiborne later emerged from the house carrying some mail.  Days later Claiborne and his family moved into the house.  The police were called.  Claiborne told the responding officer, and testified at trial, that he was attempting to gain ownership of the house through "securitization."  Claiborne also claimed to have paid $4,400 to rent the house and produced a lease agreement purportedly signed by the owner, whom he had met in person.  According to the owner of the house, she had neither met Claiborne nor signed a lease agreement with him.  Her intention was to sell, rather than rent, the house in July 2017.

A jury convicted Claiborne of second degree burglary.  The trial court suspended imposition of sentence and placed Claiborne on five years of formal probation on condition he perform 60 days of community labor.
The court indicated it would consider terminating probation after three years if Claiborne had no probation violations.  Claiborne filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Claiborne in this appeal.  After reviewing the record, counsel filed an opening brief raising no issues.  Appointed counsel advised Claiborne on April 9, 2020 that Claiborne may personally submit any contentions he feels

the court should consider.  On April 9, 2020 we also notified Claiborne he had 30 days to submit a supplemental brief or letter.  We have received no response.

We have examined the record and are satisfied Claiborne's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The judgment is affirmed.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

3